**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA

VERSUS                                            CRIMINAL ACTION NO. 1:02cr93-DCM-JMR

JESSE M. SKINNER                                                                 DEFENDANT

**ORDER**

This matter is before the Court on Defendant Jesse Skinner's ("defendant") Motion for Reconsideration [docket entry no. 182] filed on July 24, 2009. Having carefully considered said Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

The defendant asks this Court to reconsider its Order [docket entry no. 181] denying his Motion to Vacate Sentence [docket entry no. 153], his Renewed Motion for Discovery [docket entry no. 162], his Motion for Leave to Conduct Discovery [docket entry no. 168], and his Motion to Quash Indictment [docket entry no. 177]. The Federal Rules do not explicitly recognize a motion for reconsideration. GuideOne Mut. Ins. Co. v. Rock, 2009 WL 2252204, at *2 (N.D. Miss. 2009)(slip copy). Yet, the Fifth Circuit "held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b)." Id. (citing Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)). Because the instant motion was served within the 10 day time limit imposed by Rule 59(e), it falls under Rule 59. See Teal, 933 F.2d at 347, n.

3.

The district court is afforded considerable discretion in deciding a Rule 59(e) motion. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990)(abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)). Three possible grounds are available when determining whether reconsideration is necessary: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Bulley v. Fidelity Financial Serv. of Miss., 2000 WL 1349184, at *2 (S.D. Miss. 2000)(citations omitted). Motions for reconsideration should not be used as "a second attempt to 'sway the judge.'" Id. (citations omitted). Additionally, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Rather, reconsideration "is an **extraordinary remedy** that should be used sparingly." Id. (emphasis added).

In regard to the instant motion, there is no intervening change in the law, and the defendant has not offered any new evidence that would prompt this Court to reconsider its prior order. In addition, the Court is of the opinion that there is no manifest injustice and no clear error of law. The defendant argues

2

that there is new post-trial evidence discussed in his 2255 motion that proves he should not have been convicted for Counts 7 and 8 in the indictment. According to the defendant, the new evidence is that the outcome of his trial would have been different if his counsel had obtained the testifying agents' medical records prior to trial. However, the Court considered this "new" evidence in its prior order denying the defendant's motion to vacate based upon ineffective assistance of counsel. The defendant also argues that, for purposes of collateral review, this Court altered the charges against him and the instructions given to the jury in order to validate his conviction. He asserts that "[t]his Courts [sic] desired affect now would have this defendant charged and convicted of one crime alleged, then for any collateral review apply the rationale that defendant was convicted of another."[1] Def. Mot. for Rec. at p. 4. However, the defendant misconstrues the difference between his burden on collateral review and the government's burden at trial. The Court did not alter the charge or the jury instructions. Rather, on collateral review, the Court stated that to prove ineffective assistance of counsel, the defendant must show "(1) that his counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) that the

---

[1] The defendant was charged and convicted under Counts 7 and 8 pursuant to 18 U.S.C. 111(a)(1) and (b). The defendant alleges that the Court alters the charge for purposes of collateral review by only charging the defendant under 18 U.S.C. 111(a)(1).

deficient performance prejudiced his defense." United States v. Culverhouse, 507 F.3d 888, 895 (5th Cir. 2007) (citing United States v. Strickland, 466 U.S. 688 (1984).  The defendant failed to meet this burden.  For this reason, the defendant's prior motions were denied.  As stated previously, the defendant may not use a motion for reconsideration to rehash evidence, legal theories, or arguments that have already been raised or that could have been raised.  Templet, 367 F.3d at 479.  Therefore, the Court finds that the defendant's motion is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reconsideration [docket entry no. 182] is **DENIED**.

**SO ORDERED** this the 12th day of January 2010.

                                           s/ David Bramlette

                                      **UNITED STATES DISTRICT COURT**