```
           UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  WESTERN DIVISION
```

**UNITED STATES OF AMERICA**

**VERSUS**                          CIVIL ACTION NO. 1:06-CV-1091-DCB
                          CRIMINAL ACTION NO. 1:02-cr-93-DCM-JMR

**JESSE M. SKINNER**                                            **DEFENDANT**

### ORDER

This cause comes before the Court on Petitioner's Motion to Order the DEA to Return Trial Exhibits [**docket entry no. 200**], Motion to Amend/Correct said Motion [**docket entry no. 201**], Motion for 60(b) Relief from Judgment [**docket entry no. 203**], Motion to Compel the Government to Turn over Medical Records [**docket entry no. 208**], and Motion for Mandatory Injunction to Prohibit Garden Park Hospital from Destroying the Medical Records of Craig Shows and John Bordages [**docket entry no. 209**]. Having carefully considered said Motions, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### Relevant Facts and Procedural History

On July 14, 2009, this Court denied Petitioner's Motion to vacate, set aside or correct the sentence pursuant to § 2255. See docket entry no. 181. Ten days later, Petitioner filed a motion asking the Court to reconsider its Order. See docket entry no. 182. Additionally, Petitioner filed a notice of appeal. See docket entry no. 183. The Court denied Petitioner's Motion for Reconsideration

on January 12, 2010, and also declined to issue Petitioner a certificate of appealability. See Order, docket entry no. 186, COA Denied, docket entry no. 187. Six months later, the court of appeals also denied Petitioner a certificate of appealability, finding that he failed to make a "substantial showing of the denial of a constitutional right." Order of USCA, docket entry no. 189. Similarly, on January 18, 2011, the United States Supreme Court denied Petitioner's request for writ of certiorari. See Letter from Court of Appeals, docket entry no. 194.

While his certiorari petition was pending, Petitioner avers that he had his father, Manuel Skinner, visit the Dan Russell Courthouse in Gulfport, Mississippi, to review the trial exhibits used in his case. See docket entry no. 200. Shortly before the Supreme Court denied Petitioner's writ, Petitioner alleges that John Metcalf, concerned that the Petitioner's father might discover non-disclosed evidence, took possession of the trial exhibits, thereby denying Petitioner access to them. Id. Accordingly, Petitioner filed his Motion to Order the DEA to Return Trial Exhibits [docket entry no. 200] and Motion to Amend/Correct said Motion [docket entry no. 201].

Further, based on the "new evidence" discovered by his father, Petitioner sought the court of appeal's permission to file a successive § 2255 motion. See Letter from Jesse Skinner, docket entry no. 195. The court of appeals considered the merits of

2

Petitioner's argument and determined that he could not show that the following claims were based on newly discovered evidence or a previously unavailable rule of law: "(1) non-disclosure of exculpatory evidence; (2) prosecutorial subornation of perjured testimony; and (3) prosecutorial misconduct." Order of USCA, docket entry no. 202. Nevertheless, not long after the court of appeals denied his request, Petitioner filed three additional motions with this Court.

## Discussion

All of the Petitioner's pending motions relate to his well-worn argument that Agents Shows and Bordages may not have been struck with pellets from his shotgun trap. In three of his pending motions, Petitioner asks the Court to compel the Government to make the Agents' hospital records and other related evidence available to him. In another Motion, he requests that the Court enjoin Garden Park hospital from destroying the Agents' hospital records. Finally, Petitioner argues in his Rule 60(b) Motion that the Court should reconsider its denial of relief under § 2255 because the (1) government failed to disclose exculpatory evidence related to the Agents' injuries and (2) suborned perjured testimony regarding its possession of the Agents' medical records.

The Court has consistently denied Petitioner's attempts to obtain the Agents' medical records, finding the issue of whether or not the Agents were wounded by his shotgun trap immaterial to his

cause. See July 14, 2009, Order at 9, 11, docket entry no. 181 (noting that the use of deadly weapon is enough to sustain a conviction for assault). This conclusion has been affirmed by both the Fifth Circuit Court of Appeals and United States Supreme Court. The Court reiterates that no purpose would be served by granting Petitioner's requests relating to the Agents' injuries because facts presented at trial indicated that Petitioner set the shotgun trap that discharged in the direction of Agents Shows and Bordages. See id. Therefore, the Court will not order the DEA to return trial exhibits [docket entry no. 200, 201], compel the Government to turn over medical records [docket entry no. 203], or enjoin Garden Park Hospital from destroying hospital records [docket entry no. 209]. Accordingly, these motions will be denied.

With regard to Petitioner's Rule 60(b) Motion, Petitioner explains this Motion is intended to challenge a defect in the integrity of the habeas proceedings based on newly discovered evidence and therefore should not be considered a successive § 2255 Motion. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). The new evidence to which the Petitioner refers is agent Shows's jeans allegedly worn on the date of his investigation of Petitioner's trailer. See Pet'rs Rule 60(b) Motion at 18, docket entry no. 18. According to Petitioner, the jeans show no blood on the inside of the pant leg and exhibit no pellet holes. Id. The defect the Petitioner's alleges is that John Maynardie committed fraud on the

4

Court in the habeas proceedings by continuing to maintain that the Government never possessed the Agents' hospital records. Id. at 22-27. As the Court understands his argument, Petitioner claims that agent Shows's jeans demonstrate that the Government's case, both at trial and during the habeas proceedings, was a fraud.

Regardless of how the Petitioner characterizes his Rule 60(b) Motion, the Court views it as attempt to circumvent (1) the court of appeal's decision not to grant him authorization to file a successive § 2255 Motion and (2) the prohibition against filing successive habeas petitions. See Gonzalez, 545 U.S. at 530-31; Whitt v. United States, 2011 WL 1549228, at *4 (N.D. Ill. April 21, 2011); Rule 9 Governing § 2255 Proceedings. First, the court of appeals denied Petitioner's request to file a second § 2255 motion based on the "new evidence" discovered by Manuel Skinner, specifically stating that there was no new evidence to support Petitioner's claims that the Government (1) failed to disclose exculpatory evidence, (2) suborned perjured testimony, and (3) committed prosecutorial misconduct. See Letter from Jesse Skinner to USCA, docket entry no 195-2; Order of USCA, docket entry no. 202.

Secondly, having compared the Petitioner's arguments to those contained in his first § 2255 Motion, the Court finds his present arguments are substantially similar to the arguments he presented in his prior application for relief under § 2255. See, e.g., July

5

14, 2009, Order, docket entry no. 181 (issues one (I) and three (III)). If anything, the only thing that has changed the status quo is the Petitioner's access to Shows's jeans, which, as stated above, was presented to the court of appeals in his petition to file a successive § 2255 Motion. At its core, there is no question that the Petitioner's Motion is an attempt to attack the integrity of his sentence and conviction based on the evidence (or alleged lack thereof) presented at trial and does not pertain to the integrity of the habeas proceedings and therefore should be construed as a successive § 2255 motion. Gonzalez, 545 U.S. at 530-31 (2005); Whitt, 2011 WL 1549228 at *5 (N.D. Ill. April 21, 2011).

To be clear, if the Petitioner wishes to challenge his sentence or conviction in this Court based on newly discovered evidence, he must first receive authorization from the court of appeals to file a successive § 2255 Motion. Any attempt to circumvent this well-established rule in the future will be summarily dismissed as the Court has devoted considerable time and resources to Petitioner's cause. At present, Petitioner has not received authorization from the court of appeals that he may file a successive § 2255 Motion and therefore Petitioner's Motion [docket entry no. 203] will be dismissed. See Rule 9 Governing § 2255 Proceedings.

For the foregoing reasons,

**IT IS, THEREFORE, HEREBY ORDERED** that Petitioner's Motion to

Order the DEA to Return Trial Exhibits [**docket entry no. 200**] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend/Correct Motion to Order the DEA to Return Trial Exhibits [**docket entry no. 201**] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for 60(b) Relief from Judgment [**docket entry no. 203**] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel the Government to Turn over Medical Records [**docket entry no. 208**] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Mandatory Injunction to Prohibit Garden Park Hospital from Destroying the Medical Records of Craig Shows and John Bordages [**docket entry no. 209**] is **DENIED**.

So **ORDERED,** this the 2nd day of March, 2012.

                                                    /s/ David Bramlette
                                              **UNITED STATES DISTRICT JUDGE**