```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   SOUTHERN DIVISION
```

**UNITED STATES**                                                      **PLAINTIFF**

**VS.**                         **CRIMINAL ACTION NO: 1:02-cr-93-DCB-JMR**
                                **CIVIL ACTION NO: 1:14-cv-238-DCB**

**JESSE M. SKINNER**                                                   **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on Motion of the Defendant, Jesse M. Skinner, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[docket entry no. 230]** pursuant to 28 U.S.C. § 2255. Having carefully considered said Motion, the Government's opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Skinner was charged in a twelve-count indictment related to the distribution of controlled substances, resisting arrest, and firearms violations.[1] On June 9, 2003, following a jury trial, Skinner was convicted of nine[2] of the twelve counts and sentenced

---

[1] Skinner was finally charged with twelve counts under 21 U.S.C. §§ 841(a)(1) [Counts 1 and 5] & (c)(2) [Count 2], 846 [Count 4], 858 [Count 6], 952(a), 963 [Count 12]; 18 U.S.C. §§ 111(a)(1) & (b) [Counts 7 and 8], 922(a)(6) [Count 11], 924(c)(1) [Count 3] & (c)(1)(B)(ii) [Count 10]; and 26 U.S.C. §§ 5841, 5861(d), 5871 [Count 9].

[2] Skinner was convicted of Counts 1, 2, 4, 5, 7, 8, 9, 11, and 12. The jury returned a verdict of not guilty on Counts 3, 6,

to a 540 month term of imprisonment. Skinner appealed his conviction to the Fifth Circuit, and the Fifth Circuit affirmed his conviction on June 24, 2005. The Supreme Court of the United States denied Skinner's petition for a writ of certiorari on November 21, 2005. In October of 2006, Skinner filed his first motion under Section 2255, which was denied on July 14, 2009.[3] Skinner filed the instant motion on June 9, 2014.

Skinner argues that in light of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), "any fact that increases a statutory minimum sentence must be alleged in the Indictment and proven [to] a jury beyond a reasonable doubt." Mot. Vacate p. 4, ECF No. 230.  The Government counters that Alleyne only requires those facts that increase a statutory minimum mandatory sentence must be proven beyond a reasonable doubt, but facts leading to a sentencing guidelines enhancement need only be shown by a preponderance of the evidence. Resp. p. 2, ECF No. 234. Moreover, there is a threshold procedural question that neither side has addressed: whether Skinner may bring this second motion to vacate in the first place. Skinner did not move for permission to

---

and 10.

[3] The district court also denied Skinner a Certificate of Appealability ("COA"). Skinner appealed the denial of the COA to the Fifth Circuit, which denied his motion for a COA on August 22, 2010. He also filed several motions and appeals of the orders denying those motions in the interim between the Fifth Circuit's decision and the currently pending motion.

file a second motion under 2255. The Government fails to object to Skinner's leapfrogging of this procedural requirement and instead responds to Skinner's motion on its merits. The Government argues that the rule in Alleyne does not apply to Skinner because the sentencing court did not apply any facts that raised his statutory minimum sentence but merely applied guideline enhancements.[4]

Section 2255 provides that "a second or successive motion **must** be certified . . . by a panel of the appropriate court of appeals" to contain either "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. 2255 § 2255(h) (2008) (emphasis added). The Fifth Circuit has previously held that Alleyne did not announce a new rule of law to support a second or successive Section 2255 motion. In re Kemper, 753 F.3d 211, 212 (5th Cir. 2013); see also U.S. v. Olvera, — F.3d —, —; No. 13-51161, 2015 WL 110149, at *2 (5th Cir. Jan. 7, 2015) ("In Kemper this court recognized that the Supreme Court had not made Alleyne retroactively applicable to cases on collateral review, as required to file a successive § 2255 motion under § 2255(h)(2)."). But even if Skinner had successfully certified his second motion, his argument would still fail. The Fifth Circuit has more recently

---

[4] Skinner argues in the conclusion of his rebuttal that the Government has waived, by not addressing, any argument related to whether Alleyne can be applied retroactively in his case. Although the Government did not address retroactivity, whether a rule of law can be applied retroactively is not a question that can be waived here.

announced that <u>Alleyne</u> does not apply retroactively to provide relief in a first motion under Section 2255. <u>Olvera</u>, — F.3d at —; 2015 WL 110149, at *2 n.11 (holding that because Olvera had filed his first motion under Section 2255, the requirement in Section 2255(h)(2) did not apply but that, nonetheless, <u>Alleyne</u> was not to be applied retroactively and denying Olvera collateral relief). These two decisions preclude collateral relief in this case.

And even further still, even if <u>Alleyne</u> were to be applied retroactively here, Skinner would not obtain the relief he seeks. The sentencing court did not apply facts that raised the statutory minimum sentence but rather applied enhancements to the sentencing guidelines.[5] The Supreme Court expressly excluded what it referred to as "sentencing factors" from its holding in <u>Alleyne</u>. 133 S. Ct. at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have

---

[5] Skinner was sentenced to

> a term of 480 months as to each of Count 4 and 5, twerms of 240 months as to each of Counts 1, 2 and 12, and terms of 120 months as to Counts 9 and 11, to be served concurrently. The Court further ordered that defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months as to each of Counts 7 an 8, with each term running concurrently to each other and consecutively to the terms of imprisonment imposed in Count 1, 2, 4, 5, 9, 11, and 12.

Minute Entry for Sentencing, ECF No. 135. Skinner was "found guilty by a jury of at least one drug charge that carried a statutory sentence range of 5 to 40 years and at least one count that carried an additional 5 years." Resp. ¶ 3.

long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). No fact relied on during sentencing was required to be submitted to a jury. For all of the above compounding reasons, the Court will deny Skinner's motion to vacate his sentence.

　　IT IS HEREBY ORDERED that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is DENIED.

　　SO ORDERED this the 4th day of February 2015.

　　　　　　　　　　　　　　　　　　/s/ David Bramlette
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE