IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JESSE M. SKINNER                                                                          PETITIONER

VS.                                                 CRIMINAL NO. 1:02-cr-93(DCB)
                                                            CIVIL NO. 1:17-cv-151(DCB)

UNITED STATES OF AMERICA                              RESPONDENT

ORDER

This cause is before the Court on the petitioner Jesse M. Skinner ("Skinner")'s Motion to Dismiss the Indictment **(docket entry 272)**, to which The Government has responded (docket entry 276); and on Skinner's Motion to Amend or Supplement **(docket entry 283)** his Motion to Dismiss the Indictment.

On June 12, 2017, Skinner filed his motion to dismiss the indictment pursuant to Rules 12(b)(2) and 12(b)(3)(B)(iii) of the Federal Rules of Criminal Procedure. As a preliminary matter, the relief Skinner seeks is not available at this stage of the proceedings. A Rule 12(b)(2) motion must be made while the case is pending. A Rule 12(b)(3)(B)(iii) motion must be brought pretrial. Since the defendant was convicted in 2003, he has exhausted his appellate rights, filed a habeas petition in 2006 which was denied and then appealed, filed a motion to quash the indictment in 2008, filed a Rule 60(b) motion in 2011, a notice of felony in 2011, another habeas petition in 2014, and a third habeas petition in 2017.

Under no circumstances then is this case pending for purposes of Rule 12(b)(2). United States v. Dobson, 2016 WL 9275016, n.2 (E.D. PA December 19, 2016)("there is broad agreement that where, as here, the motion comes well after the conclusion of all direct appeals, it is untimely" (citations omitted)). Similarly, any motion under Rule 12(b)(3)(B)(iii) is untimely since it was not filed pretrial.

Concerning the merits of Skinner's argument, he contends that the Court lacks jurisdiction because the crime occurred in Harrison County, which is not within the criminal jurisdiction of the United States. This argument is patently futile.

Skinner also claims that neither the 3,4 methylenedioxy-methamphetamine (ecstacy) nor pseudoephedrine charges against him were state crimes and thus could not be removed from state court; however, said charges were not removed from state court. He also claims that said chemicals are not controlled substances. He is correct about pseudoephedrine. That substance is a listed chemical under 21 U.S.C.§802(34)(K); however, Skinner was charged and convicted under §841(c)(2) (which makes it a crime to possess a listed chemical knowing or having reasonable cause to believe it would be used to manufacture a controlled substance). Ecstacy has been a controlled substance under 21 C.F.R § 1308.11(d)(11) since 1985.

As noted above, under no circumstances is this case pending

for purposes of Rule 12(b)(2).  Similarly, any motion under Rule 12(b)(3)(B)(iii) is untimely since it was not filed pretrial. Skinner's Motion to Dismiss the Indictment must therefore be denied, and his Motion to Amend or Supplement must also be denied.

Accordingly,

IT IS HEREBY ORDERED that the petitioner Jesse M. Skinner's Motion to Dismiss the Indictment **(docket entry 272)** is DENIED;

FURTHER ORDERED that Skinner's Motion to Amend or Supplement **(docket entry 283)** is also DENIED.

SO ORDERED, this the 23rd day of January, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE