IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JESSE M. SKINNER                                           PETITIONER

VS.                                       CRIMINAL NO. 1:02-cr-93(DCB)
                                          CIVIL NO. 1:17-cv-151(DCB)

UNITED STATES OF AMERICA                                   RESPONDENT


ORDER

This cause is before the Court on the petitioner Jesse M. Skinner ("Skinner")'s Motion to Vacate or Set Aside the Petitioner's Sentence Pursuant to 28 U.S.C. § 2255 **(docket entry 269)**. The Government has responded to the motion. Also before the Court is Skinner's Motion to Voluntarily Dismiss his Motion to Vacate without Prejudice **(docket entry 278)**.

This is Skinner's third named habeas corpus petition, in addition to a myriad of other motions collaterally attacking the judgment against him. Since Skinner was convicted in 2003, he has exhausted his appellate rights, filed a habeas petition in 2006 which was denied and then appealed, filed a motion to quash the indictment in 2008, filed a Rule 60(b) motion in 2011, a notice of felony in 2011, another habeas petition in 2014, a Rule 12(b)(2) motion and this, his third habeas petition, in 2017.

This successive motion has not been certified by the Fifth Circuit as required by 28 U.S.C. §2255(h). Nor would it be, as it brings forth no new evidence nor is it based on a new rule of

constitutional law. For that reason alone, it must be dismissed. Nevertheless, the Court will address the merits of the petition.

First, Skinner alleges throughout the petition that his case was "removed" from state court. This is incorrect. The criminal case was initiated by a criminal complaint in the federal courts, as Skinner acknowledges in his attack on DEA Task Force Agent Metcalf's authority to bring the federal charges. In addition, his collateral attack on the authority of the state court judge to sign the original search warrant confuses the jurisdiction she has to hear certain types of cases with the ability to perform certain tasks within the geographical area of her jurisdiction. Furthermore, there is nothing new about the factual information Skinner relies upon.

Skinner also attacks the authority of DEA Task Force Agent John Metcalf to sign the criminal complaint. But as Skinner acknowledges, Agent Metcalf's deputization is during the period of assignment (doc. 269 at pp. 8-9). That begins when he is deputized and ends when he leaves the task force. It is not a minute by minute evaluation of what task he is performing while a task force agent. Skinner also repeats the incorrect jurisdictional argument that the federal government does not have jurisdiction to prosecute federal narcotics laws in Harrison County; and repeats his assertion that his case was "removed" from state court, despite the fact that his case was brought in federal court. Skinner is wrong

on both counts.

Skinner also claims that neither 3,4 methylenedioxy-methamphetamine (ecstacy) nor pseudoephedrine were federal controlled substances. He is correct about pseudoephedrine. That substance is a listed chemical under 21 U.S.C. §802(34)(K) and Skinner was charged and convicted under §841(c)(2) (which makes it a crime to possess a listed chemical knowing or having reasonable cause to believe it would be used to manufacture a controlled substance). Ecstacy has been a controlled substance under 21 C.F.R. § 1308.11(d)(11) since 1985.

The Court finds that Skinner's successive § 2255 motion must be dismissed since (1) it has not been certified by the Fifth Circuit as required by 28 U.S.C. §2255(h), and (2) it lacks merit.

After the Government responded to Skinner's successive § 2255 motion, Skinner moved to voluntarily dismiss his § 2255 motion without prejudice. Inasmuch as the Court is already dismissing Skinner's motion for lack of merit and lack of certification by the Fifth Circuit, the Court will deny as moot Skinner's motion to voluntarily dismiss his § 2255 motion without prejudice. Skinner is advised that he must obtain permission from the Fifth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient

to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Accordingly,

IT IS HEREBY ORDERED that the petitioner Jesse M. Skinner's Motion to Vacate or Set Aside the Petitioner's Sentence Pursuant to 28 U.S.C. § 2255 **(docket entry 269)** is DENIED, and this action is dismissed with prejudice. A separate Final Judgment in compliance with Fed.R.Civ.P. 58 shall issue;

FURTHER ORDERED that petitioner Skinner's Motion to Voluntarily Dismiss his Motion to Vacate without Prejudice **(docket entry 278)** is DENIED AS MOOT;

FURTHER ORDERED that a Certificate of Appealability (COA) and leave to appeal in forma pauperis are DENIED. A prisoner seeking relief under § 2255 has no absolute entitlement to appeal a district court's denial of his petition. An applicant seeking a certificate of appealability in a § 2255 proceeding must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). That standard is met when "reasonable jurists could debate whether ... the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). For the reasons outlined above, the

Court finds that Skinner is not entitled to any relief; therefore, he is not entitled to a COA and is not entitled to appeal <u>in forma pauperis</u>.

SO ORDERED, this the 23rd day of January, 2018.

<u>/s/ David Bramlette</u>
UNITED STATES DISTRICT JUDGE