IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:02-cr-93-DCB-JMR

JESSE M. SKINNER  DEFENDANT/PETITIONER

ORDER

This matter is before the Court on Petitioner Jesse M. Skinner ("Skinner")'s Motion to Reopen the Original Section 2255 Proceedings [ECF No. 288], Motion to Amend/Correct [ECF No. 289], and Motion for an Evidentiary Hearing [ECF No. 291]. The Court has not ordered the Government to respond to these Motions. Having read the Motions, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

Background

Skinner was charged in a twelve-count indictment related to the distribution of controlled substances, resisting arrest, and firearms violations. On June 9, 2003, following a jury trial, Skinner was convicted of nine of the twelve counts and sentenced to a 540-month term of imprisonment. Skinner appealed his conviction to the Fifth Circuit, and the Fifth Circuit affirmed his conviction on June 24, 2005. The Supreme Court of the United States denied Skinner's petition for a writ of certiorari on

1

November 21, 2005. In October of 2006, Skinner filed his first motion under Section 2255 [ECF No. 153], which was denied on July 14, 2009. Skinner filed a second motion under Section 2255 [ECF No. 230] on June 9, 2014, which was denied on February 4, 2015. Skinner filed a third motion under Section 2255 [ECF No. 269] on May 15, 2017, which was denied on January 23, 2018. Skinner now moves to reopen his first Motion to Vacate, to be allowed to amend the first Motion to Vacate, and for an evidentiary hearing on the issues.

## Discussion

**Motion to Reopen the Original Section 2255 Proceeding**

Skinner moves under Federal Rule of Civil Procedure 60(b) to reopen his Motion to Vacate [153], which this Court denied on July 14, 2009. The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions of these rules." United States v. Caldwell, No. 2:17-774, 2020 WL 2849997, at *1 (S.D. Tex. Jun. 1, 2020). A prisoner is limited to a single Section 2255 proceeding, therefore, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005). A Rule 60(b) motion that attacks a "defect in the integrity of the federal habeas proceedings" does not

2

constitute a successive § 2255 petition. See Caldwell, 2020 WL 2849997 at *1. However, if the 60(b) motion advances one or more substantive claims after denial of a habeas petition, it is a successive petition that must be authorized by the Court of Appeals before filing. See id.

In this case, Skinner alleges that three claims presented in his § 2255 petition went unaddressed by this Court. Thus, Skinner properly filed his motion under Rule 60(b). See United States v. Tucker, No. 05-37, 2013 WL 795997, at *3 (E.D. La. March 4, 2013)(finding that Rule 60(b) was proper when defendant alleged claims went unaddressed in his prior § 2255 petition). Nevertheless, Skinner must demonstrate extraordinary circumstances to obtain relief under Rule 60(b).

In this case, Skinner alleges that the following arguments went unaddressed: (1) that his conviction "was predicated upon evidence which was seized pursuant to a search warrant which was facially defective and issued in violation of Skinner's Fourth Amendment constitutional rights;" (2) that he received ineffective assistance of counsel due to a failure of counsel to pursue a motion to suppress; and (3) that the search warrant in his case was issued in violation of Federal Rule of Criminal Procedure 41. See [ECF No. 288] at 1-2. A careful review of the

record reveals that, despite Skinner's assertions, the Court addressed two of these arguments in its Order.

Skinner raised the issue of the validity of his warrant in his direct appeal. The Fifth Circuit reviewed this Court's denial of the defendant's motion to suppress evidence seized pursuant to the warrant Skinner claims was facially defective. The Fifth Circuit found:

> "Skinner fails to show that the warrant application so misled the issuing magistrate judge that the Government was not entitled to rely on the good-faith exception to the exclusionary rule. [United States v. Leon, 468 U.S. 897, 923 (1984)] Skinner fails to meet his burden of showing that either of the purported misstatements or omissions he cites were made deliberately or with reckless disregard for the truth."

[ECF No. 142].

Accordingly, in its Order [181] denying Skinner's § 2255 motion, the Court referred to the Fifth Circuit's determination that the good faith exception applied to the warrant, i.e., that there was no facial defect that would trigger the exclusionary rule. [ECF No. 181] at 3. The Court also conducted its own extensive analysis of the validity of the warrant. [ECF No. 181] at 22-24.

Skinner incorrectly states that this Court did not address his claim that he received ineffective assistance of counsel because his counsel failed to properly argue for the suppression of evidence at trial. In the original Order denying the Motion

to Vacate, the Court conducted an extensive review of the issue and found that his claim had no merit. [ECF No. 181] at 19-24.

The Court did not specifically address Skinner's claim that the subject warrant violated Federal Rule of Criminal Procedure 41. However, Skinner did not make an objection that the subject warrant violated Rule 41 at his trial or on direct appeal. The Supreme Court has stated that, in a § 2255 proceeding, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982); see also United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000) ("A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."). In its response to the Petitioner's subject Motion to Vacate, the Government states:

> "At the conclusion of defendant's Memorandum he adds, for the first time, an allegation that the warrant at issue violates Fed. R. Crim. P. 41 and, despite the dictates of United States v. McKeever, 905 F.2d 829 (5th Cir. 1990), the Court should inquire into whether there was collusion between state and federal officials to circumvent Rule 41.  Defendant offers no

5

>  evidence of such and, at any rate, this attack is barred in a collateral attack where it was not raised in the District Court or on direct appeal unless he can show cause for the earlier default and actual prejudice.  United States v. Frady, 456 U.S. 152, 167-68 (1982)."

[ECF No. 155] at 15, n26. In Skinner's Reply brief [ECF No 156], he did not respond to the Government's assertion that his claim regarding Federal Rule of Criminal Procedure 41 was procedurally barred. In fact, he did not address Rule 41 in any context. As such, Skinner did not show cause for his failure to raise the issue at trial or on appeal. Accordingly, Skinner waived the issue for collateral attack.

Additionally, Skinner's Rule 60(b) Motion is untimely inasmuch as it was filed approximately fourteen years after the subject § 2255 Motion. Rule 60(c)(1) requires that the motion be filed within a reasonable time of the order to which it relates. See Fed.R.Civ.P 60(c)(1). The Fifth Circuit has found that a Rule 60(b) motion filed eight years after the original habeas petition was dilatory. See United States v. Tolliver, 177 Fed.Appx. 454 (5th Cir. 2006). District Courts in the Fifth Circuit have rejected 60(b) motions that were filed much sooner than Skinner's fourteen years. See Cisneros v. United States, Nos. 1:16-289, H:95-196-8, 2017 WL 927845, at *5 (S.D. Tex. Feb. 2,

6

2017). In this case, all of the underlying facts and law were available to Skinner long ago, and he has not provided an acceptable justification for the delay.

Because Skinner's allegation that the Court did not address his claims regarding the validity of the search warrant and his assertion of ineffective assistance of counsel is unfounded, and because he fails to demonstrate any other reason justifying relief, the Court declines to vacate its prior ruling denying Skinner's § 2255 motion.

**Motion to Amend/Correction**

Skinner requests that the Court allow him to amend his Section 2255 motion – filed approximately fourteen years ago – so that he can include facts and evidence to support his argument that the subject warrant violated Rule 41 of the Federal Rules of Criminal Procedure.

"The Federal Rules of Civil Procedure apply to amendment and supplements of motions brought under 28 U.S.C. § 2255." United States v. Nabor, 256 Fed.Appx. 669, 670 (5th Cir. 2007). Under Federal Rule of Civil Procedure 15(a), a plaintiff is allowed, as a matter of right, one amendment before any responsive pleading has been filed, but subsequent amendments are permitted only with leave of court.  See id. Furthermore, Rule 15(c)(2)'s relation back doctrine applies in § 2255

7

proceedings as well. See id.("Every circuit that has addressed this issue agrees the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations, 28 U.S.C. §§ 2244(d)(1) and 2255, does not render Rule 15 inapplicable to federal habeas proceedings.").

"An amendment of a pleading relates back to the date of the original pleading when… the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Id.(quoting Fed.R.Civ.P. 15(c)(2)). When determining whether to give leave to amend, district courts should consider "such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." See United States v. Saenz, 282 F.3d 354, 356 (5th Cir. 2002).

In this case, Skinner may only amend his petition with leave of the Court. Moreover, his Motion to Amend is not barred by § 2255's one-year statute of limitations because his claim arises out of the same conduct, transactions, and occurrences pleaded in his original motion. However, the Court finds that it would be futile to allow Skinner to amend his § 2255 motion. As previously mentioned, Skinner waived the subject argument by

8

failing to raise the objection at trial or raise the issue on direct appeal. Additionally, he did not offer a reply to the Government's claim that he had waived the Rule 41 argument.

Undue delay is a factor that weighs heavily against allowing an amendment. Skinner filed the subject § 2255 motion on October 27, 2006. He is now seeking to amend that motion after a passage of approximately fourteen years. The Petitioner has presented no justification for this delay. Skinner himself states that "[i]t should be noted that these facts have always been a part of the instant Record…" [ECF No. 289] at 11.

Similarly, Skinner has repeatedly failed to cure any deficiencies of his § 2255 motion with prior assertions. Skinner moved for Reconsideration of this Court's denial of his § 2255 motion but did not re-assert that the warrant violated Rule 41. [ECF No. 182]. He appealed this Court's denial of his § 2255 motion, which the Fifth Circuit denied. The Supreme Court denied certiorari. He filed a Rule 60(b) motion for relief from judgment in 2011. [ECF No. 203]. Skinner filed a successive § 2255 motion in 2014, which did not address a Rule 41 violation. [ECF No. 230]. The Defendant filed a third § 2255 motion in 2017, arguing that the state judge who signed the original search warrant did not have the authority to do so. [ECF No. 269]. The Court found that argument unavailing. See [ECF No.

285] at 2("[H]is collateral attack on the authority of the state court judge to sign the original search warrant confuses the jurisdiction she has to hear certain types of cases with the ability to perform certain tasks within the geographical area of her jurisdiction. Furthermore, there is nothing new about the factual information Skinner relies upon.").

Accordingly, having considered the Motion to Amend and relevant factors, the Court finds that it would be inappropriate to permit Skinner to amend his 2006 Section 2255 motion at this time.

**Motion for an Evidentiary Hearing**

Skinner requests an evidentiary hearing to "present evidence and testimony concerning the re-opening of the § 2255 [153] Proceedings…" [ECF No. 291]. "A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992)(citing United States v. Auten, 632 F.2d 478 (5th Cir. 1980)). The Court concludes that Skinner's motion, the files, and the records in this case clearly show that Skinner is not entitled to relief. Because the Court denies Skinner's motion for relief under Rule

10

60(b), the petitioner's motion for an evidentiary hearing is DENIED.

Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion to Reopen the Original Section 2255 Proceeding [ECF No. 288] is DENIED;

FURTHER ORDERED that the Defendant's Motion to Amend/Correct the Motion [153] to Vacate [ECF No. 289] is DENIED;

FURTHER ORDERED that the Motion for an Evidentiary Hearing [ECF No. 291] is DENIED.

SO ORDERED this the 29th day of July, 2020.

                                              _/s/ David Bramlette_____
                                              UNITED STATES DISTRICT JUDGE