IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                    CRIMINAL ACTION NO.: 1:02-CR-00093-DCB-JMR-1

JESSE M. SKINNER                              DEFENDANT/PETITIONER


ORDER


        Before the Court is Petitioner Jesse M. Skinner

("Skinner")'s Motion for Injunctive Relief Emergency Relief

Sought [ECF No. 304], in which Skinner requests unrestricted

access to unspecified personal legal materials and increased

access to the prison law library.  Skinner, proceeding pro se,

claims to need unrestricted access to "[his]" legal materials

because he wishes to prepare and file a writ of certiorari with

the United States Supreme Court regarding the Fifth Circuit

Court of Appeals' denial of his appeal [ECF No. 303] and denial

of his petition for rehearing en banc [ECF No. 302].  Skinner

alleges, without supporting evidence, that prison officials

"falsely accused Skinner of having contraband and placed [him]

in the Special Housing Unit ("SHU"), where [he] has been since

with no relief."  [ECF No. 304] at 2 (brackets in the original).

1

For the reasons set forth below, Skinner's motion for emergency injunctive relief is DENIED.

It is well-established that a party seeking injunctive relief must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the non-movant; and (4) that the injunction will not disserve the public interest.  See, e.g., Palmer v. Waxahachie Indep. Sch. Dist., 579 F.3d 502, 506 (5th Cir. 2009)(abrogation on other grounds); Nichols v. Alcatel USA, Inc., 532 F.3d 364, 372 (5th Cir. 2008); Topletz v. Skinner, No. 4:19-CV-820-RWS-KPJ, 2019 WL 6683483, at *2 (E.D. Tex. Dec. 5, 2019).  The movant bears the burden to prove all four requirements in order to be entitled to injunctive relief.  Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003); Bekendam v. Lumpkin, No. 7:20-CV-00125-O-BP, 2021 WL 4155844, at *4 (N.D. Tex. July 28, 2021), report and recommendation adopted, No. 7:20-CV-125-O-BP, 2021 WL 4148307 (N.D. Tex. Sept. 13, 2021); Topletz, 2019 WL 6683483, at *2.  The Court notes that Skinner has presented no arguments in his emergency motion regarding any of the elements required for an injunction.

Having carefully reviewed Skinner's emergency motion and the rulings of the Fifth Circuit in response to Skinner's

appeal, it is clear to this Court that Skinner has not, and cannot, establish the first element necessary to obtain the injunctive relief he now seeks.  Considering the Fifth Circuit's unequivocal finding that Skinner failed to state a valid claim for the denial of a constitutional right, [ECF No. 303] at 2, the Court finds no likelihood of success on the merits.  The Court further notes that Skinner fails to cite any legal authority that would grant him unfettered access to the prison law library and his personal legal materials.  See Santos v. Thaler, No. A-11-CA-257-SS, 2011 WL 4832539, at *10 (W.D. Tex. Oct. 11, 2011) (petitioner failed to cite to any cases which have held a right to unrestricted access to the prison law library); United States v. Potts, No. 3-10-CR-057-M, 2010 WL 4627726, at *1 (N.D. Tex. Sept. 22, 2010), report and recommendation adopted, No. 3-10-CR-057-M, 2010 WL 4627724 (N.D. Tex. Nov. 3, 2010)(prisoner's motion for injunctive relief denied where he claimed right to unrestricted access to prison law library).  In addition, Skinner's unsubstantiated allegations of false accusations and reprimand by prison officials do not justify the injunctive relief he now seeks. Decker v. Dunbar, 633 F.Supp.2d 317, 347-349 (2008) (inmate's unsubstantiated, conclusory allegations that prison officials brought disciplinary actions against him were insufficient).

Given that Skinner cannot meet his burden of establishing a substantial likelihood of success on the merits, the Court will refrain from presenting herein a detailed analysis of the remaining three elements of injunctive relief.  Sepulvado v. Jindal, 729 F.3d 413, 420 (5th Cir. 2013) (because the court determined that prisoner could not show a substantial likelihood of success, court did not address the other necessary elements for injunctive relief); Planned Parenthood Ass'n of Hidalgo Cty. Texas, Inc. v. Suehs, 692 F.3d 343, 352 (5th Cir. 2012) ("Because we have determined that the appellees failed to demonstrate a substantial likelihood of success on the merits, we do not need to address the remaining elements necessary for preliminary injunctive relief.").

Accordingly,

IT IS HEREBY ORDERED that Petitioner Jesse M. Skinner's Motion for Injunctive Relief Emergency Relief Sought [ECF No. 304] is DENIED.

SO ORDERED this the 16th day of December 2021.


                    /s/   David Bramlette
                    UNITED STATES DISTRICT JUDGE