IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                            CRIMINAL NO. 1:02-CR-93-DCB-JMR

JESSE M. SKINNER                                                    DEFENDANT

ORDER

BEFORE THE COURT is Jesse Skinner's ("Defendant") Motion for Compassionate Release. [ECF No. 308]. Defendant filed the Motion on July 18, 2022. The United States filed its Response on August 8, 2022, [ECF No. 316] and Defendant filed his Reply on September 14, 2022 [ECF No. 320]. After reviewing the Motion, the submissions of the parties, the applicable law, and being fully informed therewith, the Court finds as follows:

I.   Factual & Procedural Background

This Court sentenced Defendant on January 14, 2004, to a term of 480 months and another 60 months to be served consecutively for offenses related to the distribution of controlled substances, resisting arrest, and firearms violations. [ECF No. 135]. The Court reduced Defendant's sentence to 420 months in 2015 pursuant to 18 U.S.C. §3582(c)(2). [ECF No. 267]. Defendant is presently incarcerated at Federal Correctional Institute Hazelton in Bruceton Mills, West Virginia. In his Motion, Defendant asks that the Court

grant him compassionate release pursuant to the Court's power under 18 U.S.C. §3582(c)(1)(A).

In support of his request, Defendant argues that this Court should grant him compassionate release based on extraordinary and compelling reasons. [ECF No. 308]. In particular, Defendant argues that his sentence would have been lesser under U.S. v. Booker. Id. at 5. Defendant further states that he wishes to spend the next few years with his parents and that he believes he is fully rehabilitated. Id. at 6.

In response to Defendant's Motion, the United States submits that "nothing from Booker changed the concepts of relevant conduct or any enhancements that are not statutory." [ECF No. 316] at 2.

The Court will analyze Defendant's Motion in light of the current framework as articulated by the Fifth Circuit in Shkambi, by Congress in the First Step Act, and other applicable law.

II.  Standard

A defendant may file a motion for compassionate release after exhausting all administrative remedies within the Bureau of Prisons. 18 U.S.C. §3582(c)(1)(A). A sentencing court may only modify or reduce a term of imprisonment if it finds that

"extraordinary and compelling" circumstances warrant such a reduction and such a reduction is consistent with applicable policy statements by the United States Sentencing Commission ("the Commission"). Id. "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C §994(t).

With respect to what constitutes "extraordinary and compelling reasons" within §3582, the Commission

> in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.

28 U.S.C §994(t). While the next step in the analysis would previously have been for the Court to look to USSG §1B1.13 to determine what constitutes an "extraordinary and compelling reason," Defendant correctly notes that the Fifth Circuit has held this is no longer the case due to the First Step Act.

In United States v. Shkambi, the Fifth Circuit Court of Appeals held that, following the passage of the First Step Act, USSG §1B1.13 is no longer applicable to a motion for compassionate release that is made by a prisoner. 993 F.3d 388 (5th Cir. 2021). The Fifth Circuit arrived at this conclusion because, prior to the First Step Act's passage in 2018, a motion

3

for compassionate release could only be made by the Director of the Bureau of Prisons. As a result, the applicable Guideline states that "[u]pon motion of the Director of the Bureau of Prison under 18 U.S.C. §3582(c)(1)(A) . . .." USSG §1B1.13. Accordingly, the Fifth Circuit determined that this Guideline was inapplicable to motions made by defendants due to the plain meaning of the text in the Guideline. Shkambi, 993 F.3d 391-92.

Although USSG §1B1.13 no longer guides the Court's analysis, in addition to showing an "extraordinary and compelling reasons" supporting his release, a prisoner must still persuade the court that the factors set forth in 18 U.S.C. §3553(a) warrant a reduction in his sentence. 18 U.S.C. §3582(c)(1)(A). "Generally, it is the defendant's burden to demonstrate that he satisfies the requirements for compassionate release." United States v. Whirl, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020); see also United States v. Tamayo, No. 3:05-cr-313-M-1, 2022 U.S. Dist. LEXIS 67228, *6 (N.D. Tex. March 14, 2022) ("A defendant bears the burden of demonstrating he is entitled to compassionate release.")

Title 18 U.S.C. §3553(a) sets forth a number of factors that are to be considered by a court when determining whether to modify an existing sentence. The factors range from requiring the Court to consider the nature and seriousness of the offense

to the need to provide restitution to any victims of the offense.

A court may deny a motion for compassionate release without ever reaching the question of whether "extraordinary and compelling" reasons exist if the §3553(a) factors independently support its judgment. See United States v. Jackson, 27 F.4th 1088, 1093 f.8 (5th Cir. 2022) ("[W]e have regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the Section 3553(a) factors can independently support its judgment."); see also Ward v. United States, 11 F.4th 354, 361 (5th Cir. 2021) ("If the defendant fails to convince the district court to exercise its discretion, . . . then the court may deny the motion, assuming it provides specific factual reasons, including but not limited to due consideration of the Section 3553(a) factors."); see also United States v. Wedgeworth, No. 22-60325, 2022 WL 4181017, at *1 (5th Cir. Sept. 13, 2022) ("The district court presumed that extraordinary and compelling reasons for compassionate release had been shown, and it denied relief after balancing the statutory sentencing factors.")

III. Analysis

It is the Court's judgment that – even if it were to assume Defendant's claimed rehabilitation and desire to spend time with

5

elderly parents presented an extraordinary and compelling reason warranting his release – the §3553(a) factors do not support a modification of his sentence at this time.

The first factor requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). While the Court will not repeat the entirety of the factual circumstances surrounding Defendant's personal and criminal history as well as all of the facts concerning the underlying offenses which resulted in his sentence, the Court will highlight several facts it believes support its determination that this factor weighs against his Motion.

Defendant is presently serving a sentence for the offenses of possession with intent to distribute ecstasy, possessing pseudoephedrine knowing or having reasonable cause to know it would be used to manufacture methamphetamine, conspiracy to manufacture methamphetamine with intent to distribute, possession with intent to distribute LSD, two counts of assault on a federal law enforcement officer, receiving and possessing an unregistered destructive device, making false statements to a licensed firearm dealer, conspiracy to import ecstasy, and conspiracy to import LSD. [ECF No. 102].

According to the Pre-sentence Report, DEA agents were advised that Defendant was manufacturing methamphetamine on his property. [ECF No. 133] at 6. Two DEA agents attempted to enter a trailer located on that property. Id. at 7. A pulley device rigged to the front door was activated, which in turn triggered a shotgun blast toward the door of the trailer. Id.

The DEA agents both sustained injuries to their legs, which required both agents to be transported to the hospital for emergency treatment. Id. Defendant illegally attained the shotgun that caused the blast. Id. A search of the trailer yielded approximately 185 units of LSD, three ounces of marijuana, and drug paraphernalia used in the manufacture of methamphetamine. Id.

When considering the nature and circumstances of the offense, the Court finds that this factor weighs against a modification of his sentence. As noted, Defendant's crime resulted in severe injuries to two federal law enforcement officers, as well as the seizure of illegal drugs and drug paraphernalia.

The Court next turns to the history and characteristics of Defendant. It is at this stage that the Court considers the letter submitted on Defendant's behalf by his aunt [ECF No 320-2]. This letter attests to Defendant's use of his time in prison

7

to attain a paralegal certificate that could enable him "find his place in society" upon release, as well as his parents' desire that he be released. Id.

Despite this letter, the Court finds that it is insufficient to outweigh the nature and circumstances of the offense and other characteristics of the Defendant's past, as discussed infra.

Skinner's previous investigation by various other agencies dated back to March 2000. [ECF No. 133] at 7. An FBI source purchased cocaine hydrochloride and ecstasy from Skinner and another in March 2020. Id. An MBN undercover agent purchased ecstasy from Skinner and others in September 2001. Id. at 8. That same month, Gulfport Police Department investigated the purchase of a large quantity of pseudoephedrine by Skinner and another. Id.

Further, following his indictment in the present case, Defendant sent a letter designed to intimidate and unlawfully influence a government witness. Id. at 13-14.

Defendant alleges in his Motion that he has been rehabilitated, but offers no evidence to support his assertion. [ECF No. 308]. Nor has Defendant submitted evidence to demonstrate positive history and characteristics of the Defendant.

The Court next considers the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. §3553(a)(2). Defendant fares no better at this stage in the analysis for the same reasons that the Court has discussed at length regarding the seriousness of the offense the Defendant committed. While subsection (D) arguably weighs in favor of Defendant given the fact that he submitted evidence that he has earned a paralegal certificate that would make him a valuable employee, [ECF No. 320] at 4, the Court believes the remaining factors weigh against Defendant for the same reasons discussed above concerning the multiple offenses and investigations.

Title 18 U.S.C. § 3582(c)(1)(A) states that a court may only modify a term of imprisonment after weighing the factors set forth in 18 U.S.C §3553(a) and determining that "extraordinary and compelling circumstances" warrant such modification. After weighing the aforementioned factors, it is

9

the Court's determination that they weigh heavily against any modification of Defendant's sentence.

The nature and circumstances of this offense as well as the background of Defendant dissuades the Court from granting the relief he seeks. Defendant has failed to convince the Court that he is deserving of compassion and the modification of his sentence. Accordingly, Defendant's Motion for Compassionate Release is DENIED.

SO ORDERED this 19th day of September, 2022

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE