IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 1:02-CR-93-DCB-JMR

JESSE M. SKINNER  DEFENDANT

ORDER

BEFORE THE COURT is Jesse Skinner's ("Defendant") Motion to Reopen the Original Section 2255 Proceedings ("Motion") [ECF No. 310]. Having read the Motions, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

I.  Factual & Procedural Background

This Court sentenced Defendant on January 14, 2004, to a term of 480 months and another 60 months to be served consecutively for offenses related to the distribution of controlled substances, resisting arrest, and firearms violations. [ECF No. 135]. The Court reduced Defendant's sentence to 420 months in 2015 pursuant to 18 U.S.C. §3582(c)(2). [ECF No. 267]. Defendant is presently incarcerated at Federal Correctional Institute Hazelton in Bruceton Mills, West Virginia.

Defendant appealed his conviction to the Fifth Circuit, and the Fifth Circuit affirmed his conviction on June 24, 2005. [ECF

1

No. 292] at 1. The Supreme Court of the United States denied Defendant's petition for a writ of certiorari on November 21, 2005. Id. at 1-2.

In October of 2006, Defendant filed his first motion under Section 2255 [ECF No. 153], which was denied on July 14, 2009. Defendant filed a second motion under Section 2255 [ECF No. 230] on June 9, 2014, which was denied on February 4, 2015. Defendant filed a third motion under Section 2255 [ECF No. 269] on May 15, 2017, which was denied on January 23, 2018. Defendant now moves to reopen his first Motion to Vacate. [ECF No. 310].

II. Standard

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions of these rules." United States v. Caldwell, No. 2:17-774, 2020 WL 2849997, at *1 (S.D. Tex. Jun. 1, 2020).

A prisoner is limited to a single Section 2255 proceeding, therefore, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005). A Rule 60(b) motion that attacks a "defect in the integrity of the federal habeas proceedings" does not constitute a successive § 2255 petition. See Caldwell, 2020 WL 2849997 at *1. However, if the

2

60(b) motion advances one or more substantive claims after denial of a habeas petition, it is a successive petition that must be authorized by the Court of Appeals before filing. See id.

   III. Analysis

   In this Motion, Defendant alleges that three claims presented in his § 2255 petition went unaddressed by this Court, as well as the claims in his Addendum in Reply to Government's Response. [ECF No. 153]; [ECF No. 158]; [ECF No. 170]; [ECF No. 171]. A Rule 60(b) motion is generally proper under such allegations. United States v. Skinner, No. 1:02-CR-93-DCB-JMR, 2020 WL 4354337, at *1 (S.D. Miss. July 29, 2020). However, the claims asserted in the instant Motion mirror those of Defendant's previous Motion to Reopen the Original Section 2255 Proceeding. [ECF No. 288].

   Here, Defendant alleges that the Court did not address the fifth, six, or seventh claim to his original petition. [ECF No. 310]. These claims regarded: (1) that his "conviction was predicated upon evidence which was seized pursuant to a search warrant which was facially defective and issued in violation of Skinner's Fourth Amendment constitutional rights"; (2) that he received ineffective assistance of counsel due to a failure of counsel to pursue a motion to suppress; and (3) that the search

3

warrant in his case was issued in violation of Federal Rule of Criminal Procedure 41. [ECF No. 153-2] at 55-60.

This argument fails, despite Defendant's assertions, because the Court addressed claims five and six, which regarded the validity of the warrant and the effectiveness of counsel, in its Order on the Motion. [ECF No. 181] at 3, 18, 19-24.

In the previous Order denying Motion to Reopen Original Section 2255 Proceedings, the Court properly excused its reasoning behind not specifically addressing claim seven, which regarded Federal Rule of Criminal Procedure 41. [ECF No. 292]. No discussion was warranted, as Defendant did not make an objection that the subject warrant violated Rule 41 at his trial or on direct appeal. Id. at 5. "A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result." United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).

In Defendant's Reply brief [ECF No 156], he did not respond to the Government's assertion that his claim regarding Federal Rule of Criminal Procedure 41 was procedurally barred. In fact, he did not address Rule 41 in any context. As such, Defendant did not show cause for his failure to raise the issue at trial

4

or on appeal. Accordingly, Defendant waived the issue for collateral attack.

Regarding Defendant's assertion that the Court did not address the claims in his Addendum, that too is factually incorrect and irrelevant. The Court addressed those Addendum issues in its Order, to the extent they were raised in Defendant's Motion. [ECF No. 181]. Additionally, that Addendum was improperly docketed as a Motion, when it was truly an Addendum in Reply to the Government's response, which this Court previously pointed out "does not require a ruling from the Court." Id. at 32. Even less persuasive is that the Court denied Defendant's Motion for Leave to File this Addendum, but Defendant filed it anyway. [ECF No. 167].

Defendant's Motion lacks merit, because the Court already addressed the Defendant's underlying claims in his initial Section 2255 motion and his previous Motion to Reopen the Original Section 2255 Proceedings. [ECF No. 181]; [ECF No. 292].

Furthermore, Defendant's Rule 60(b) Motion is untimely inasmuch as it was filed nearly sixteen years after the subject § 2255 Motion. Rule 60(c)(1) requires that the motion be filed within a reasonable time of the order to which it relates. See FED.R.CIV.P 60(c)(1).

5

The Fifth Circuit has found that a Rule 60(b) motion filed eight years after the original habeas petition was dilatory. See <u>United States v. Tolliver</u>, 177 Fed.Appx. 454 (5th Cir. 2006). District Courts in the Fifth Circuit have rejected 60(b) motions that were filed much sooner than Defendant's sixteen years. See <u>Cisneros v. United States</u>, Nos. 1:16-289, H:95-196-8, 2017 WL 927845, at *5 (S.D. Tex. Feb. 2, 2017).

In this case, the underlying facts and law were available to Defendant long ago, and he has not provided an acceptable justification for the delay.

Accordingly, Defendant's Motion to Reopen the Original Section 2255 Proceedings is DENIED.

SO ORDERED this 20th day of September, 2022

/s/ DAVID BRAMLETTE<br>
DAVID C. BRAMLETTE III<br>
UNITED STATES DISTRICT JUDGE