IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

JESSE M. SKINNER                                                  PETITIONER

VS. CRIMINAL NO. 1:02-cr-93-DCB-JMR

UNITED STATES OF AMERICA                                          RESPONDENT

<u>ORDER</u>

BEFORE THE COURT is Petitioner Jesse Skinner's ("Petitioner") Motion to Dismiss the Case [ECF No. 326]; Motion Pursuant to F.R.C.P. 60(b)(1),(4)&(6) [ECF No. 328]; and Motion of Emotional Toll [ECF No. 330]. Having carefully considered the petition, the parties' submissions, and being fully advised in the premises, the Court finds as follows:

I.   Background

This Court initially sentenced Petitioner on January 14, 2004, to a term of 480 months and another 60 months to be served consecutively for offenses related to the distribution of controlled substances, resisting arrest, and firearms violations. [ECF No. 135]. The Court reduced Petitioner's sentence to 420 months in 2015 pursuant to 18 U.S.C. §3582(c)(2). [ECF No. 267]. Petitioner is presently incarcerated at Federal Correctional Institute Hazelton in Bruceton Mills, West Virginia.

Since his sentencing, Petitioner has filed and this Court has denied three §2255 motions [ECF No. 153; [ECF No. 230]; [ECF No. 269], a motion for reconsideration [ECF No. 186], a motion for Rule 60(b) relief from judgment [ECF No. 203], a motion to compel [ECF No. 208], a motion for a mandatory injunction [ECF No. 209], a motion to dismiss the indictment in 2017 [ECF No. 272], a motion to reduce under the First Step Act [ECF No. 287], a motion for compassionate release [ECF No. 308], a motion to reopen the original §2255 proceedings [ECF No. 310], and finally these three motions in rapid-succession.

The Court will address each of Petitioner's three pending motions.

II.  Law and Discussion

   a. Motion to Dismiss the Case

In this Motion, Petitioner requests that the Court dismiss the case against him and discharge him from custody that he deems unlawful pursuant to 28 U.S.C. §2255. [ECF No. 326] at 1. Petitioner supports his Motion by citing his own previous allegations that "no search warrant exist [sic]." Id.

Petitioner's pro se Motion does not fit neatly into any particular realm of post-judgment motions. Its title suggests it could be construed as either a motion to dismiss the indictment or a §2255 petition. Id. The Court will address both.

2

As a motion to dismiss the indictment, this Motion is utterly futile, because it is untimely. Under Fed. R. Crim. P 12, a motion to dismiss an indictment generally must be made before trial or at least while the case is pending. United States v. Cathey, 591 F.2d 268, 271, n. 1 (5th Cir.1979); United States v. Reed, 32 F. App'x 127 (5th Cir. 2002). Furthermore, "there is broad agreement that where, as here, [a motion to dismiss the indictment] comes well after the conclusion of all direct appeals, it is untimely." United States v. Dobson, 2016 WL 9275016, n.2 (E.D. PA December 19, 2016). As Petitioner has exhausted his rights to an appeal, a motion to dismiss an indictment is untimely and warrants dismissal. [ECF No. 284] at 1.

As a §2255 petition, this Motion is successive and fails. "[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." In re Cain, 137 F.3d 234, 235 (5th Cir.1998). "Under the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." James v. Walsh, 308 F.3d 162, 167 (2d Cir.2002). Petitioner has previously filed three such petitions alleging these and similar issues, all of which the Court has denied.

3

[ECF No. 285] at 1. Successive petitions in this Court must be certified by the Fifth Circuit. The instant Motion was not certified by the Fifth Circuit as containing newly discovered evidence or a new, retroactive rule of constitutional law. 28 U.S.C. § 2255(h). Additionally, such a petition would be dismissed as time barred, because more than one year has passed since the limitation period began running under §2255(f).

Finally, the Motion should also be dismissed on its merits, as this Court has in its previous orders repeatedly addressed the arguments Petitioner asserts in this Motion, namely his repeated claim that the search warrant was invalid. [ECF No. 153; [ECF No. 230]; [ECF No. 269]; [ECF No. 186]; [ECF No. 203]; [ECF No. 208]; [ECF No. 209]; [ECF No. 272]; ECF No. 287]; [ECF No. 308]; [ECF No. 310]. Nothing in Petitioner's Motion persuades the Court to disturb its previous rulings. [ECF No. 326]. Therefore, this Motion will be DENIED.

b. Motion Pursuant to F.R.C.P. Rule 60(b)(1),(4)&(6)

In this Motion and its Addendum [ECF No. 328]; [ECF No. 331], Petitioner requests that the Court relieve him from the Court's Order [ECF No. 323] denying his Motion to Reopen the Original Section 2255 Proceedings [ECF No. 310]. Petitioner essentially argues that the Court's treatment of that motion amounts to "(1) mistake, inadvertence, surprise, or excusable

4

neglect;" or that "(4) the judgment is void;" or that "(6) any other reason … justifies relief." F.R.C.P. 60(b). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). F.R.C.P. 60(c)(1).

"A motion under Rule 60(b) is not a substitute for a timely appeal, but provides relief from final judgment based on grounds including 'mistake, inadvertence, surprise, or excusable neglect.'" Ramos v. United States, 455 F. App'x 424, 426 (5th Cir. 2011) (citing F.R.C.P. 60(b)(1)). Petitioner's Motion specifically alleges mistake and neglect. [ECF No. 328] at 1.

A "mistake" under Rule 60(b)(1) includes judicial errors, but such an error must be a "fundamental misconception of the law," and not merely an erroneous ruling. See Chick Kam Choo v. Exxon Corp., 699 F.2d 693, 695 (5th Cir.1983) (internal quotation marks and citation omitted); see also Grimland, Inc. v. James F. Parker Interests (In re Grimland, Inc.), 243 F.3d 228, 233 (5th Cir.2001) ("When a judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b). The error of law must involve a fundamental misconception of the law....").

"The burden of establishing excusable neglect is upon [the movant], even one proceeding pro se." Birl v. Estelle, 660 F.2d

5

592, 593 (5th Cir. 1981). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." Pryor v. U.S. Postal Servs., 769 F.2d 281, 286 (5th Cir. 1985). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993).

Petitioner's Motion primarily alleges that the Court mistakenly failed to address the fifth, six, and seventh claims raised in his original §2255 petition. [ECF No. 328] at 1. Petitioner is mistaken. As the Court pointed out in its Order, the Court addressed all issues necessary, while others did not warrant discussion, because of Petitioner's own failings at trial and on appeal. [ECF No. 323] at 3-5.

Petitioner has failed to satisfy his burden of establishing mistake or excusable neglect. Birl, 660 F.2d 593. There exists no fundamental misconception of law in the Court's Order, nor unusual or unique circumstances justifying such relief. Petitioner sets forth no intervening change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice. Wright v. Mississippi, No. 5:01-CV-50 DCB, 2015 WL

6

2189934, at *2 (S.D. Miss. May 11, 2015). Rule 60(b)(1) does not warrant relief from the Court's Order.

Rule 60(b)(4) provides relief where an order is void. A judgment is void only where the court that rendered it (1) lacked subject matter jurisdiction, (2) lacked jurisdiction of the parties, or (3) violated due process. New York Life Ins. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996). Petitioner maintains that the Court's Order is void because the Court has allegedly failed to rule on claims Petitioner included in his original §2255 petition. See throughout, [ECF No. 328]; [ECF No. 331]. As previously discussed, the Court has addressed all of Petitioner's claims to the extent necessary. See Supra page 6. Jurisdiction is proper in this Court and Petitioner has failed to show that this Court has violated his due process rights. Rule 60(b)(4) does not warrant relief from the Court's Order.

Rule 60(b)(6) is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" Steverson v. GlobalSantaFe Corp., 508 F.3d 300, 303 (5th Cir. 2007) (quoting Stipelcovich v. Sand Dollar Marine, Inc., 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002).

Petitioner has not met these standards. No extraordinary circumstances warrant relief. Hess, 281 F.3d at 216. Petitioner has failed to show that he is entitled to relief from the Court's Order [ECF No. 323]. Therefore, this Motion will be DENIED.

    c. Motion of Emotional Toll

In this unconventional, freewheeling Motion, in which Petitioner largely apologizes "for all the emotional outburst [sic]" directed at the Court, Petitioner asks for the Court's forgiveness. [ECF No. 330] at 1, 12. That is not a form of relief that this Court can grant. Therefore, this Motion will be DENIED.

    III. Conclusion

The Court takes note of Petitioner's lengthy history of repeat filings and is compelled to warn Petitioner that repetitive, frivolous, malicious, and vexatious filings will result in sanctions in this and other federal courts. Gelabert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990) (issuing caution to pro se prisoner "to think twice before cluttering our dockets with frivolous ... litigation.").

Accordingly, Petitioner's Motion to Dismiss the Case [ECF No. 326]; Motion Pursuant to F.R.C.P. 60(b)(1),(4)&(6) [ECF No.

8

328]; and Motion of Emotional Toll [ECF No. 330] are all separately DENIED.

SO ORDERED, this the 2nd day of November, 2022.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE