IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                          CRIMINAL NO. 1:02-cr-93-DCB-JMR

JESSE M. SKINNER                                              DEFENDANT

ORDER

BEFORE THE COURT is Defendant Jesse Skinner's ("Defendant") Motion to Dismiss ("Motion"). [ECF No. 333]. Having carefully considered the Motion, the parties' submissions, and being fully advised in the premises, the Court finds as follows:

I.   Background

This Court initially sentenced Defendant on January 14, 2004, to a term of 480 months and another 60 months to be served consecutively for offenses related to the distribution of controlled substances, resisting arrest, and firearms violations. [ECF No. 135]. The Court reduced Defendant's sentence to 420 months in 2015 pursuant to 18 U.S.C. §3582(c)(2). [ECF No. 267]. Defendant is presently incarcerated at Federal Correctional Institute Hazelton in Bruceton Mills, West Virginia.

Since his sentencing, Defendant has filed and this Court has denied three §2255 motions [ECF No. 153]; [ECF No. 230]; [ECF No. 269], a motion for reconsideration [ECF No. 186], a

1

motion for Rule 60(b) relief from judgment [ECF No. 203], a motion to compel [ECF No. 208], a motion for a mandatory injunction [ECF No. 209], a motion to dismiss the indictment in 2017 [ECF No. 272], a motion to reduce under the First Step Act [ECF No. 287], a motion for compassionate release [ECF No. 308], a motion to reopen the original §2255 proceedings [ECF No. 310], a motion to dismiss the case [ECF No. 326], a motion pursuant to F.R.C.P. 60(b)(1),(4)&(6) [ECF No. 328], a motion of emotional toll [ECF No. 330], and finally the instant Motion [ECF No. 333].

II.  Law & Discussion

In this Motion, Defendant requests that the Court dismiss Counts 1, 2, 4, 5, 7, 8, 9, 11, and 12 of the superseding indictment under which he was convicted and sentenced. [ECF No. 333] at 1-2. Defendant bases the Motion on United States v. Vargas, in which the Fifth Circuit vacated its previous panel opinion and ordered an en banc rehearing to decide the issue of whether conspiracy can be considered as a controlled substance offense for purposes of enhancement under career offender status. 45 F.4th 1083 (5th Cir. 2022). However, the Fifth Circuit has not yet issued an en banc ruling and that issue remains undecided. As such, the Court must deny Defendant's Motion. Further, any future ruling in Vargas will not apply to

Defendant's conviction: his sentencing enhancements did not regard the career offender status—they included possession of a firearm, substantial risk to a law enforcement officer, role in the offense, and obstruction of justice. [ECF No. 133] at 14-19.

The timeliness of Defendant's Motion also renders the requested relief unobtainable. Under Fed. R. Crim. P. 12, a motion to dismiss an indictment generally must be made before trial or at least while the case is pending. United States v. Cathey, 591 F.2d 268, 271, n. 1 (5th Cir.1979); United States v. Reed, 32 F. App'x 127 (5th Cir. 2002). Furthermore, "there is broad agreement that where, as here, [a motion to dismiss the indictment] comes well after the conclusion of all direct appeals, it is untimely." United States v. Dobson, 2016 WL 9275016, n.2 (E.D. PA December 19, 2016). As Defendant has exhausted his rights to an appeal, his Motion is untimely and warrants dismissal. [ECF No. 284] at 1.

   III. Conclusion

The Court takes note of Defendant's lengthy history of repeat filings and is compelled to warn Defendant that repetitive, frivolous, malicious, and vexatious filings will result in sanctions in this and other federal courts. Gelabert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990) (issuing caution

to pro se prisoner "to think twice before cluttering our dockets with frivolous ... litigation.").

For the foregoing reasons, Defendant's Motion [ECF No. 333] shall be DENIED.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [ECF No. 333] is DENIED.

SO ORDERED, this the 11th day of May, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE
